## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| REGINA HILL, | ) |
| Plaintiff, | ) ) ) |
| v. | )  No. 4:24-CV-00424 HEA |
| SUNRISE SENIOR LIVING, | ) ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This employment discrimination case is before the Court upon plaintiff's motion to proceed in forma pauperis and motion for appointment of counsel. [ECF Nos. 2 and 3]. After reviewing the financial information, the Court will grant plaintiff's motion to proceed in forma pauperis. Plaintiff's motion for appointment of counsel will be denied at this time. The Court will issue process on plaintiff's complaint.

Briefly, plaintiff alleges that defendant Sunrise Senior Living violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*, when it failed to hire her because of her disability. [ECF No. 1]. Plaintiff provided a copy of her EEOC right to sue letter, dated December 19, 2023, giving her ninety days in which to file a lawsuit under federal law, and plaintiff filed this action in a timely manner on March 19, 2024. Accordingly, based upon plaintiff's averments and the record before the Court, it appears this action is timely, and that plaintiff has exhausted administrative remedies. Furthermore, the Court finds that plaintiff's employment discrimination complaint contains sufficient factual allegations to survive initial review under 28 U.S.C. § 1915. As such, the Court will direct the Clerk of Court to issue process

or cause process to issue upon the complaint as to defendant Sunrise Senior Living at the address of its registered agent: C T Corporation, 120 South Central Ave, Clayton, MO 63105.

### Plaintiff's Motion for Appointment of Counsel

In addition to her motion to proceed in forma pauperis, plaintiff has also filed a motion for appointment of counsel. [ECF No. 3]. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that she can adequately present her claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process or cause process to issue upon plaintiff's complaint as to defendant Sunrise Senior Living at the address of its registered agent:  C T Corporation, 120 South Central Ave, Clayton, MO 63105.

Dated this 2nd day of April, 2024.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE